UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CR-20892-GAYLES

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.

**KENNEDY FISHER RILEY,**

    **Defendant.**

_____/

**ORDER**

**THIS CAUSE** comes before the Court on Defendant Kennedy Fisher Riley's Motion for Covid-19 [ECF No. 70] and Motion to Reduce Sentence [ECF No. 73] (collectively, the "Motions"). The Court has reviewed the Motions and the record and is otherwise fully advised. For the following reasons, the Motions are denied.

**I.    BACKGROUND**

Defendant is currently incarcerated at USP Yazoo City in Yazoo City, Mississippi and has a projected release date of September 6, 2025.[1] On January 29, 2015, Defendant pled guilty to possession with the intent to distribute a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1). [ECF Nos. 20, 21]. On April 10, 2015, the Court sentenced Defendant to a 151-month term of imprisonment and a 3-year term of supervised release. [ECF No. 33]. On appeal, the Eleventh Circuit reversed the sentence and remanded for a new sentencing hearing to determine if Defendant's prior convictions qualified for the career offender enhancement. [ECF No. 52]. On February 1, 2017, the Court held another sentencing hearing, determined that

---

[1] When Defendant filed his Motions, he was housed at Butner Federal Correctional Institute-Low. The Court's review of the Bureau of Prison's Inmate Locator indicates that Defendant is now housed at Yazoo City USP.

Defendant qualified for the career offender enhancement, and resentenced Defendant to a 151-month term of imprisonment and a 3-year term of supervised release. [ECF Nos. 68, 69]. To date, Defendant has served almost half of his term of imprisonment.

In his Motions, Defendant asks the Court to grant him compassionate relief and modify his sentence of imprisonment to home confinement for the balance of time remaining. Defendant alleges that the conditions at Butner FCI put him at an increased risk of contracting COVID-19. Defendant does not allege that he has any underlying health conditions.[2] The record does not reflect that Defendant made a request with the Warden of either Butner FCI or Yazoo City UPS for his early release prior to filing his Motions.

## II.    LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes,* No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative right to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with the applicable policy statements issued by the

---

[2] Defendant tested positive for COVID-19 on June 3, 2020, but does not allege that he is suffering from long-term effects from the virus. [ECF No. 73].

Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, in order to grant the Motions, the Court must make specific findings that: (1) Defendant exhausted his administrative remedies; (2) the § 3553(a) sentencing factors support Defendant's release; (3) extraordinary and compelling reasons warrant the Defendant's request; and (4) the Defendant is not a danger to the safety of other persons or the community. The burden lies with the Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F. 3d 328, 337 (11th Cir. 2013)).

### III. DISCUSSION

The Court denies Defendant's Motions because (1) he failed to exhaust administrative remedies; (2) the § 3553 sentencing factors do not support a modification to his sentence; (3) he fails to present extraordinary and compelling reasons; and (4) he is a danger to the safety of other persons and to the community.

#### A. Exhaustion of Administrative Remedies

Defendant did not make a request to the Warden of FCI Butner or the Warden of Yazoo City USP for his early release prior to filing his Motions. Section 3582(c)(1)(A) requires that a Defendant first present his request for a sentence reduction to the Bureau of Prisons before the Court can consider a compassionate release motion. Because Defendant has failed to do so, the Court is without authority to consider his Motions. *See* 18 U.S.C. § 3582(c)(1)(A).

### B. Merits

Even if Defendant had exhausted his administrative remedies, the Court finds that the Section 3553(a) factors[3] do not support a modification of Defendant's sentence. The Court considered the § 3553(a) factors at the time of sentencing and concluded that a 151-month term of imprisonment and 3-years' supervised release was appropriate in this case. Defendant has not provided a new and convincing basis to justify a modification to his sentence.

In addition, Defendant fails to allege any extraordinary and compelling reasons for a sentence reduction. Though undefined in the statute, extraordinary and compelling reasons under the Sentencing Guidelines include:

**(A) Medical Conditions of the Defendant.**

    (ii) The Defendant is--

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. Defendant has not alleged, nor does the record reflect, that he has any serious physical or medical conditions.

---

[3] Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary," when considering a sentence of imprisonment. 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victim . . . ." *Id.*

Finally, the Court finds that Defendant is a danger to the safety of other persons and to the community.[4] Defendant is a career offender whose criminal history includes approximately twenty-one (21) prior felony convictions, including firearms offenses, drug offenses, burglary, and battery on a law enforcement officer. As a result, the Court finds that he would pose a danger to the public if released.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motions for Compassionate Release [ECF Nos. 70, 73] are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this Tuesday, May 04, 2021.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[4] In making this determination, the Court considered: (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against" Defendant; (3) "the history and characteristics of" Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g).